**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

Steven P Laitin,

Plaintiff,

v.

Unum Group, et al.,

Defendants.

No. CV-25-02763-PHX-KML

**ORDER**

The parties ask the court to resolve several discovery disputes in this bad-faith disability insurance action. (Doc. 38.) Plaintiff Laitin, an anesthesiologist, alleges defendants Unum Group and Provident Life and Accident Insurance Company (collectively "Unum") denied his claim for total disability benefits in bad faith by redefining his occupational duties and relying on in-house medical consultant Dr. Katrina Turner and third-party reviewer Dr. Kevin Kohan of Dane Street, LLC. (Doc. 38 at 1–2.) Laitin's disability claim was submitted in January 2025 and denied in April 2025. (Doc. 1 at 7, 9.) The disputes are resolved as follows:

**RFP No. 2:** Laitin seeks the performance evaluations of individuals involved in this claim from January 2023 to present. (Doc. 38 at 2.) But Unum represents that those employees are not evaluated based on whether they approve or deny claims (Doc. 38 at 3), so those records are not obviously relevant to the case. A sweep of personnel records from two years before the case began also is not proportional to the needs of the case. Fed. R. Civ. P. 26(b)(1). The request is denied.

**NaviLink Audit Trail:** Laitin seeks the NaviLink audit trail for his claim, which reflects the individuals who accessed the file and when. (Doc. 38 at 2.) That information is relevant to how the claim was handled. The request is granted, subject to Unum's redactions to address work-product concerns.

**RFP No. 9:** Laitin seeks letters of understanding, guidelines, and instructions relating to medical record reviews, including those provided to Dane Street, from 2020 to present. (Doc. 38 at 2.) A six-year sweep of materials is disproportionate to a claim pending for only three months in 2025, and Unum has agreed to produce the relevant section of the Claims Manual in effect when the claim was decided, along with any linked training materials Laitin cannot access. (Doc. 38 at 3–4.) That targeted production is sufficient. Laitin's request is denied.

**ROG No. 4:** Laitin seeks three years of compensation information for Turner, including salary, bonuses, and incentive targets. (Doc. 38 at 2, 4.) Turner is a salaried employee whose compensation is not tied to claim outcomes. (Doc. 38 at 4.) Absent such a link, her salary information is not relevant to the bad-faith claim. The request is denied.

**ROG No. 6:** Laitin seeks aggregate statistics regarding the number of disability file reviews Turner and Kohan performed from 2023 onward and the number in which they determined the claimant could work. (Doc. 38 at 2, 25). Those statistics are relevant to bias and financial incentive because they may show whether the reviewers Unum used tend to render insurer-favorable opinions with unusual frequency. Courts have recognized that bias-related evidence concerning repeat use of reviewers and similar indicators of partiality can be relevant in disability cases. *See Jones v. Life Ins. Co. of N. Am.*, 457 F. Supp. 3d 751, 755–56 (D. Ariz. 2020) (allowing discovery into "the number of times [the reviewers] concluded that a claimant could perform work"); *see also Demer v. IBM Corp. LTD Plan*, 835 F.3d 893, 901 (9th Cir. 2016) (challenges to reviewer objectivity are comparable to conventional efforts to impeach retained experts based on number of times they have served a party and amount of compensation received). And notably, those cases arose in the ERISA context, where discovery plays a far more limited role than in ordinary civil

cases like this one. *Jones*, 457 F. Supp. 3d at 753. That said, other courts in this district have declined to allow similar discovery. *See*, *e.g.*, *Cheatwood v. Christian Bros. Servs.*, No. 2:16-CV-2946-HRH, 2018 WL 287389, at *3–4 (D. Ariz. Jan. 4, 2018); *Bronick v. State Farm Mut. Auto. Ins. Co.*, No. CV-11-01442-PHX-JAT, 2013 WL 3716600, at *9–10 (D. Ariz. July 15, 2013). Because Laitin's request seeks only summary figures, not the underlying claim files, the burden of production appears modest and proportional to the needs of the case. Any concern that such statistics may be misleading can be addressed later in the litigation, including at trial. *Cf. Cheatwood*, 2018 WL 287389, at *3. The request is granted.

**ROG No. 8:** Interrogatory No. 8 is somewhat unclear (*see* Doc. 38 at 29), and the parties' joint summary does not meaningfully clarify it. Laitin appears to seek the total number of assessments Kohan performed on Unum disability claims and the total number of claims referred to him from 2023 onward. (Doc. 38 at 3.) Unlike ROG No. 6, this request does not ask about claim outcomes. It asks about the volume of Unum's referrals to Kohan, which is relevant to the depth of the business relationship and the potential bias or financial incentive arising from it. *See Leung v. Unum Life Ins. Co. of Am.*, No. 22-CV-00767-W-JLB, 2023 WL 4056041, at *6–7 (S.D. Cal. June 15, 2023) (compelling Unum to produce number of times it hired Dane Street as relevant to bias). The burden of producing two summary figures is minimal. The request is granted.

**AVP Deposition:** Laitin seeks to depose Unum's Assistant Vice President, who supervises Director Berryman and receives weekly tracking reports. (Doc. 38 at 3.) Here, the AVP had no involvement in Laitin's claim, *cf. Frontera v. Unum Grp. Corp.*, No. 3:17CV933 (DJS), 2018 WL 11445542, at *3 (D. Conn. Dec. 20, 2018), and information about weekly tracking reports and claims metrics can be obtained from Berryman, who did work on the claim and will be deposed. (Doc. 38 at 4–5.) The request is denied.

**IT IS ORDERED** no later than **21 days after the date of this** order, Unum shall produce the NaviLink audit trail for Laitin's claim with work-product entries redacted and respond to ROG Nos. 6 and 8 by providing the appropriate summary figures.

**IT IS FURTHER ORDERED** Laitin's requests for additional responsive information regarding RFP No. 2, RFP No. 9, ROG No. 4, and to conduct the AVP deposition are denied.

Dated this 24th day of April, 2026.

Honorable Krissa M. Lanham
United States District Judge

- 4 -